IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE ALAN COOK | § | |
|     TDCJ-CID #1427038 | § | |
| v. | § | C.A. NO. C-08-203 |
| | § | |
| PHYSICIAN II, JAMES M. FITTS, | § | |
|   ET AL., | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS ACTION

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless of whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, it is respectfully recommended that plaintiff's § 1983 claims against all defendants be dismissed with prejudice for failure to state a claim and as frivolous. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(B)(1).

I.      **Jurisdiction.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

II.     **Background facts and plaintiff's allegations.**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently incarcerated at the McConnell Unit in Beeville, Texas.  He filed this lawsuit on June 16, 2008, and named as defendants: (1)  Dr. James M. Fitts, a McConnell Unit physician; (2) Dr. William Burgin, TDCJ Medical Director; (3) Oscar Mendoza, McConnell Unit Warden; (4) Brad Livingston, TDCJ Executive Director;[1] and (5) Governor Rick Perry.   (D.E. 1).  A Spears[2] hearing was held on August 7, 2008.  The following allegations were made in plaintiff's original complaint ( D.E. 1), or at the hearing.

Plaintiff is allergic to aspirin, Dilantin, and beets.  He suffers from hypertension and is on a regimen of medications.  (D.E. 1 at 1).

On the day prior to his arrest, plaintiff was seen by his private cardiologist who informed him that he needed a stress test.  The following day, however, he was arrested, and as such, he did not have the test.

---

[1]Plaintiff originally named Nathaniel Quarterman, TDCJ-CID Director, but at the evidentiary hearing, he moved to substitute Brad Livingston.

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

Upon his arrival in the TDCJ in June 2007, plaintiff told classification staff at the Gurney Unit of his allergies and medical conditions. (D.E. 1 at 1). Thereafter, in July 2007, plaintiff was seen by medical staff at the Byrd Unit "to begin a treatment of medication," including Pravastatin, Metoprodol and Hydrochlorothiazide. Id. In August, 2007, medical staff at the Robertson Unit wanted "to remove the statin and to add aspirin." Id. Plaintiff informed, or reminded, the Robertson Unit staff of his allergy to aspirin, and the change was not made. Id.

Plaintiff was later transferred to the McConnell Unit. Each month, plaintiff was given his medications for that month to "keep on person" ("KOP"), and at the conclusion of the month, he would be provided with his KOP medications for the next month. In May 2008, plaintiff submitted a sick call request ("SCR") regarding when he might have the stress test recommended by his cardiologist. In addition, on May 31, 2008, plaintiff went to the pill window to get his KOP medications for the following month. Instead of giving plaintiff his Pravastain, the pill nurse gave him aspirin. Plaintiff gave the aspirin back and asked the pill window nurse if "they were trying to kill him." He explained that he was allergic to aspirin, had been allergic all his life, and that he was supposed to take a statin for his hypertension. The nurse stated that Dr. Fitts had ordered aspirin after reviewing his file, although Dr. Fitts had not met with him in person. The nurse advised plaintiff to submit a SCR to discuss the matter.

Plaintiff testified that he immediately submitted two SCR's: one to Dr. William Burgin and one to a Physician's Assistant ("PA") that he had seen before at the McConnell Unit

3

infirmary.  In these SCRs, plaintiff asked again if prison officials were trying to kill him by giving him aspirin.  He explained that he was allergic to aspirin, and was indignant that Dr. Fitts had prescribed it.  He requested that he be given the statin, and emphasized that he did not want to be treated  by Dr. Fitts.

Dr. Burgin responded to plaintiff that his medical file did not reflect that he was allergic to aspirin.  He stated, however, that he would be rescheduled with a physician to reevaluate his medications.

On June 5, 2008, plaintiff was seen by Dr. Fitts.  Dr. Fitts reviewed the SCRs that plaintiff had sent to Dr. Burgin and to the PA.  He then studied plaintiff's computerized medical filed until he found where plaintiff had previously been prescribed the statin medication.  Dr. Fitts remarked "there it is." He then prescribed plaintiff the statin medication and terminated the order for aspirin.

Plaintiff claims that Dr.  Fitts is "dangerous" and that he's "not doing the job he's paid to do."  He argues that Dr. Fitts either did not examine his medical files, or did not do so carefully when he changed his statin to aspirin, and that his motivation was only to reduce costs, not to care for plaintiff's health.  He seeks an injunction to enjoin Dr. Fitts from ever treating him again.

Plaintiff seeks an injunction against the remaining defendants to enjoin them from retaliating against him for filing this lawsuit.  He wants to enjoin Dr. Burgin from changing his medical classification that might possibly affect his job or housing classification.  He wants to enjoin Warden Mendoza from giving him a false disciplinary case or from changing

4

his work assignment.  He wants to enjoin Brad Livingston from transferring him to another TDCJ Unit.  He wants to enjoin Rick Perry from charging him with a crime or investigating him in retaliation for filing this lawsuit.  Plaintiff admitted at the <u>Spears</u> hearing that none of these events have occurred.  He merely seeks to protect himself from any possible future reprisals from bringing this action.

## III.    Discussion

### A.    Legal standard.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>see also</u> <u>Biliski v. Harborth</u>, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  <u>Oliver v. Scott</u>, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  <u>Id.</u>

### B.    Deliberate indifference to serious medical needs.

Plaintiff argues that Dr. Fitts failed to do his job properly when he changed his statin to aspirin, and that it was only plaintiff's vigilance that prevented any serious injury from occurring.  He states that Dr. Fitts endangered his life, and he wants an injunction preventing

Dr. Fitts from ever treating him again.

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 105 (1976); Wilson v. Seiter, 501 U.S. 294, 303.(1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Deliberate indifference encompasses more than mere negligence on the part of prison officials.  It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act.  Farmer v. Brennan, 511 U.S. 825, 837 (1994). Furthermore, negligent medical care does not constitute a valid § 1983 claim.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  See also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("[i]t is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim."). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights.  Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982).  Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered.  See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

In this case, plaintiff's primary complaint is that Dr. Fitts took him off his statin and prescribed him aspirin instead, which he is allergic to, after merely looking at his file and not meeting with him in person.  Plaintiff suggests that Dr. Fitts' actions were motivated by a desire to reduce costs and to provide prisoners with the cheapest medications possible.

Taking plaintiff's allegations as true, he fails to state a constitutional violation. Although he claims that his allergy to aspirin is well documented, he admits that doctors at the Robertson Unit also made the same mistake of prescribing aspirin instead of a statin, and he had to remind them of his allergy.  (See D.E. 1 at 1).  In addition, Dr. Burgin who reviewed plaintiff's medical file in response to his May 31, 2008 SCR, reported that plaintiff's medical file did ***not*** reflect his allergy to aspirin.  Thus, when Dr. Fitts when reviewed his file and changed his statin to aspirin, it cannot be said that this action was done in deliberate indifference to plaintiff's serious medical needs.  At most, it amounts to negligence which is not actionable under section 1983.  Mendoza, 989 F.2d at 195.

Moreover, as soon as plaintiff filed his SCR's, he received a response from Dr. Burgin stating that he would be scheduled to see a doctor to discuss his medications.  Five days after the incident occurred, plaintiff was seen by Dr. Fitts who reviewed his SCRs and medical file. Dr. Fitts located the entry where the statin had been previously prescribed, remarking "there it is."  Thereafter, Dr. Fitts changed his orders to terminate the aspirin and restart the statin. Fortunately, plaintiff successfully advocated for his own health care and he suffered no ill effects as he did not take the wrongfully prescribed aspirin, nor experience any side effects from not having the statin for five days.

Plaintiff suggests that Dr. Fitts was motivated to change his medication in the first place to reduce costs.  However, even if true, this does not state a constitutional violation. Although inmates must receive adequate medical care while in custody, there is no constitutional requirement that they receive the best medical care that money can buy.

7

Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); Norton, 122 F.3d at 292.  Plaintiff fails to offer any facts to suggest that Dr. Fitts actually knew plaintiff was allergic to aspirin when he prescribed it.   Moreover, it would certainly be more costly to treat a prisoner for an allergic reaction to medication then prescribe the proper one.  Dr. Fitts' prescribing of the aspirin was an oversight and a mistake, but not of constitutional magnitude.  Thus, it is respectfully recommended that plaintiff's claim of deliberate indifference to his serious medical needs against Dr. Fitts be dismissed for failure to state a claim and as frivolous.

### C.    Retaliation.

Plaintiff has sued the other defendants to enjoin them from *possibly* retaliating against him for filing this lawsuit.  To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing  McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir. 1998).  An inmate must allege more than his personal belief that he is the victim of retaliation.  Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted).  Mere conclusory allegations of retaliation will not withstand a summary judgment challenge.   Woods, 60 F.3d at 1166.

The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights.  Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006).  However, some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further

8

exercise of his rights.  Id.  Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim.  Id.  For example, a job transfer from the commissary to the kitchen might be *de minimis*, while a transfer to a more dangerous unit might constitute an adverse retaliatory act.  Id. at 687.

As noted above, to establish a retaliation claim, a plaintiff must establish "a chronology of events from which retaliation can be inferred."  Woods, 60 F.3d at 1164.  In this case, however, plaintiff complains about ***potential future actions.***  He complains that Dr. Burgin ***might*** change his medical classification; he worries that Warden Mendoza ***might*** move him around the unit or give him a false disciplinary case; he's unsure if Brad Livingston ***might*** order him transferred to another TDCJ Unit; and finally, he frets that Governor Perry ***might*** trump up charges against him.  He admitted at the Spears hearing that none of these feared events has occurred.   Thus, he in all things fails to establish a chronology of events from which retaliation can be inferred.  Moreover, he did not claim that he he is chilled from exercising his constitutional rights, and indeed, he proceeding with bring this lawsuit.  Morris, 449 F.3d at 686.  Plaintiff fails to state a claim of retaliation.

## IV.   Recommendation.

Based on the above, it is respectfully recommended that the Court dismiss with prejudice plaintiff' § 1983 claims against all defendants for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

It is further recommended that, should the court adopt this recommendation, that dismissal be one as described by 28 U.S.C. § 1915(g), and that a copy of this recommendation

9

and the order of dismissal be sent to: **District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, TX 75702, Attention: Betty Parker.**

Respectfully submitted this 8th day of August, 2008.

_____

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).